IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| C.L., on behalf of minor, H.L., <br><br> Plaintiff, <br><br> v. <br><br> NEWMONT USA LIMITED, EMPLOYEE BENEFITS PLAN OF NEWMONT, and THE ADMINISTRATION COMMITTEE OF NEWMONT USA LIMITED, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:18-cv-00192 <br><br> Chief Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

This action concerns a denial of benefits under the Employee Retirement Income Security Act (ERISA).[1] Plaintiff C.L. brings this action on behalf of her minor child, H.L., against Defendants Newmont USA Limited (Newmont), Employee Benefits Plan of Newmont (the Plan or Employee Benefits Plan), and the Administration Committee of Newmont USA Limited (Administration Committee) seeking recovery of benefits and alleging breach of fiduciary duty.[2] The parties have filed cross-motions for summary judgment.[3] For the reasons explained below, Plaintiff's Motion is DENIED and Defendants' Motion is GRANTED IN PART and DENIED IN PART.

---

[1] 29 U.S.C. § 1001 *et seq*.

[2] *See* dkt. 16.

[3] Dkt. 62; dkt. 63.

## BACKGROUND[4]

W.L. and C.L. are H.L.'s parents.[5] W.L. is employed by Newmont.[6] Newmont has established ERISA-qualified benefits plans for its employees, including the Health Plan of Newmont.[7] The Health Plan is a component plan of the Employee Benefits Plan.[8] W.L. is a participant in the Health Plan, and H.L. is a beneficiary of the Health Plan.[9]

The Plan establishes an Administration Committee and an Appeals Committee.[10] The Plan grants the Administration Committee discretion to interpret and oversee the administration of the component plans—including the Health Plan—except for matters reserved for the Appeals Committee.[11] The Plan grants the Appeals Committee discretion to interpret component plan provisions in making determinations on benefit claims on appeal.[12]

The Plan outlines the process for appealing any denial of benefits. It requires that "[a] claimant must exhaust his or her administrative remedies under the Plan and Component Plan prior to bringing any legal action with respect to a claim for benefits."[13] It clarifies that "[a]n authorized representative may act on behalf of a claimant, and any reference to 'claimant' . . . shall include such an authorized representative."[14] The Plan provides that a claimant (including

---

[4] The facts recited below are undisputed by the parties unless otherwise noted.

[5] Dkt. 62 at 4.

[6] Dkt. 62 at 3.

[7] Dkt. 62 at 4.

[8] Dkt. 62 at 4.

[9] Dkt. 62 at 4.

[10] Dkt. 62 at 5.

[11] Dkt. 62 at 6.

[12] Dkt. 62 at 6.

[13] Dkt. 62 at 10.

[14] Dkt. 62 at 10.

an authorized representative) may appeal an adverse benefit determination to the Appeals Administrator.[15]  It requires that "[a]ppeals of medical claims decisions . . . must be made in writing and be received by the Appeals Administrator within 180 days after the claimant receives the notice of denial."  The Plan also provides that, "[i]n the event that an Internal Appeal results in a denial based upon medical judgment or a Rescission (in whole or in part), the claimant may request an External Review."[16]

H.L. was born in Elko, Nevada, on March 27, 2014.[17]  The following day, H.L. developed respiratory distress and was transferred to Intermountain Medical Center in Murray, Utah.[18]  H.L. was released from Intermountain Medical Center on April 8, 2014.[19]  Intermountain Medical Center is an out-of-network provider under the Health Plan.[20]

On April 11, 2014, IHC Health Services (IHC) submitted the claim for H.L.'s treatment, which totaled $98,372.96.[21]  On June 28, 2014, Anthem Blue Cross Blue Shield (Anthem)—the Plan's third-party claims administrator—gave notice to Plaintiff that it was denying the claim, at least in part.[22]  Between May 2014 and October 2015, Anthem paid benefits in the amount of $41,250.00.[23]

---

[15] Dkt. 62 at 11.

[16] Dkt. 62 at 11–12.

[17] Dkt. 63 at x.

[18] Dkt. 63 at x.

[19] Dkt. 62 at 4.

[20] Dkt. 62 at 8.

[21] Dkt. 63 at xi.

[22] Dkt. 62 at 20; dkt. 77 at 24 (noting that notice of denial of benefits was sent on June 28, 2014).  The parties dispute whether the claim was denied in whole or in part.  It is immaterial, however, what portion of the claim was denied on June 28, 2014.  The material fact is that notice was given on June 28, 2014.

[23] Dkt. 63 at xi; dkt. 78 at 4–5.  The parties dispute when Anthem paid this amount.  Plaintiffs allege payment did not occur until October 22, 2015.  Dkt. 63 at xi.  Defendants allege it was paid on May 8, 2014.  Dkt. 78 at 5.  In any event, it is immaterial on what date payment was made.

On October 7, 2014, IHC sent a letter addressed to Anthem with the subject line "ATTN: Appeals," writing, "[Anthem] reduced payment of the above-referenced claim significantly following an internal determination that services were administered out-of-network. Please reconsider that determination."[24] On November 14, 2014, Anthem replied to IHC, explaining, "Please be advised per the member's plan regarding your appeal for [dates of service] 3/28/2014–4/8/2014: they need a member authorization on file in order to consider the appeal."[25]

On March 18, 2015, IHC sent via facsimile a letter addressed to Anthem with the subject line "ATTN: Appeals" in which IHC again asked Anthem to reconsider its prior determination.[26] The cover letter states, "[a]ttached is the appeal letter and signed [Assignment of Benefits (AOB)] form for [H.L.]."[27] Defendants deny that an AOB form was attached.[28]

On April 6, 2015, Anthem sent a letter to H.L. that stated in relevant part, "We received a request from Intermountain Medical Center for an appeal. If you want this person to submit the appeal for you, please fill out and sign the form that's included with this letter and return it to us. We can't begin reviewing the request until we receive a completed form from you."[29] The Administrative Record contains an AOB form dated May 1, 2015, that is signed by W.L. and designates IHC as an authorized representative.[30]

---

[24] Dkt. 61-27 at 127.

[25] Dkt. 61-27 at 130.

[26] Dkt. 61-27 at 132.

[27] Dkt. 61-27 at 131.

[28] Dkt. 62 at 13. Plaintiff disputes this assertion, arguing "[t]he Administrative Record does not conclusively support whether the AOB was attached or not in part because Defendant has failed to provide records it received from Plaintiff in the appeals process." Dkt. 77 at 15.

[29] Dkt. 62 at 13.

[30] Dkt. 61-27 at 135–37.

4

On May 29, 2015, Anthem sent a letter to H.L. stating in relevant part, "We received a request for an appeal from ER Intermountain Medical Center for the inpatient stay rendered on March 28, 2014, through April 8, 2014. This request was received on May 1, 2015. Appeal requests must be received within 180 calendar days from the date you were notified of an adverse coverage decision. An explanation of benefits was issued to you on June 28, 2014, summarizing the benefit determination made on the claim. We did not receive the request timely. Therefore, it cannot be reviewed."[31] Plaintiff did not file a request for external review.[32]

Plaintiff filed this lawsuit on March 1, 2018.[33] Plaintiff filed an Amended Complaint on May 23, 2018, asserting two causes of action against Defendants: (1) recovery of benefits under 29 U.S.C. § 1132(a)(1)(B), and (2) breach of fiduciary duty under 29 U.S.C. §§ 1104, 1109, and 1132.[34] The parties filed cross-motions for summary judgment on October 15, 2019.[35]

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law."[36] A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[37]

Where, as here, the parties in an ERISA case both move for summary judgment, "the factual determination of eligibility for benefits is decided solely on the administrative record, and

---

[31] Dkt. 62 at 14.

[32] Dkt. 62 at 16.

[33] Dkt. 2.

[34] Dkt. 16.

[35] Dkt. 62; dkt. 63.

[36] Fed. R. Civ. P. 56(a).

[37] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

the nonmoving party is not entitled to the usual inferences in its favor."[38] Additionally, the court considers "only the arguments and evidence before the administrator at the time it made [the] decision."[39]

## ANALYSIS

Plaintiff has moved for summary judgment only on her recovery of benefits claim. Defendants have moved for summary judgment on both of Plaintiff's claims. For the reasons explained below, the court GRANTS summary judgment in Defendants' favor on both claims.[40]

Defendants also seek an award of reasonable attorney fees and costs. For the reasons, explained below, the court DENIES Defendants' request for fees.

### I. RECOVERY OF BENEFITS

Both parties have moved for summary judgment on Plaintiff's recovery of benefits claim. Because the court concludes Defendants are entitled to summary judgment on this cause of action, it addresses only Defendants' Motion.

Defendants argue they are entitled to summary judgment on Plaintiff's recovery of benefits claim because Plaintiff failed to exhaust her administrative remedies before filing this action.[41] Among other things, Defendants argue Plaintiff failed to exhaust her administrative remedies by failing to timely appeal the denial of benefits for H.L.'s care.[42] Plaintiff responds

---

[38] *LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan*, 605 F.3d 789, 796 (10th Cir. 2010).

[39] *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992).

[40] Summary judgment is also granted in Newmont's favor on an additional, alternative ground. Defendants argue in their Motion that Newmont is not a proper defendant. Dkt. 62 at 17. In her Opposition, Plaintiff concedes Newmont is not a proper defendant in light of "Defendants' admission that the Administration Committee was the Plan Administrator in control of benefit determinations." Dkt. 77 at 22. As a result, summary judgment is appropriate as to Newmont on this additional, alternative ground.

[41] Dkt. 62 at 18.

[42] Dkt. 62 at 19–20.

that she timely appealed the adverse benefits determination and that, even if she did not timely appeal, her failure to exhaust administrative remedies should be excused.[43]

### A. Plaintiff Failed to Exhaust Her Administrative Remedies

"Although ERISA contains no explicit exhaustion requirement, . . . exhaustion of administrative . . . remedies is an implicit prerequisite to seeking judicial relief."[44] This judicially created doctrine is derived from "the exhaustion doctrine permeating all judicial review of administrative agency action" and "is necessary to keep from turning every ERISA action, literally, into a federal case."[45] "[F]ailure to file a timely administrative appeal from a denial of benefits is one means by which a claimant may fail to exhaust her administrative remedies."[46]

Defendants argue Plaintiff failed to timely appeal the adverse benefits determination for H.L.'s treatment within the requisite 180-day window.[47] The notice of denial was sent on June 28, 2014. Therefore, Plaintiff had until December 25, 2014 to file an appeal. Plaintiff argues that it timely appealed because IHC filed an appeal with Anthem on October 7, 2014.[48] The question, then, is whether the October 7, 2014 appeal constituted a timely appeal for purposes of administrative exhaustion. The court concludes it did not.

---

[43] Dkt. 77 at 24, 26–29.

[44] *Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999) (citation omitted) (internal quotation marks omitted).

[45] *Id.* (citation omitted) (internal quotation marks omitted).

[46] *IHC Health Servs., Inc. v. FCH1 LLC*, No. 2:11-cv-00657, 2012 WL 5928338, at *3 (D. Utah Nov. 27, 2012) (unpublished) (quoting *Edwards v. Briggs & Stratton*, 639 F.3d 355, 362 (7th Cir.2011)).

[47] Dkt. 62 at 19–20.

[48] Dkt. 77 at 24.

The Plan provides that "[a] claimant may appeal an adverse benefit determination."[49] The Plan explains that any reference to a "claimant" also includes an "authorized representative."[50] Thus, as Plaintiff acknowledges, only a claimant or an authorized representative may submit an appeal under the Plan.[51]

Defendants argue that the October 7, 2014 appeal does not constitute a timely appeal because IHC was not H.L.'s authorized representative at the time it filed the appeal.[52] Plaintiff never argues that IHC was her authorized representative at the time it filed the October 7, 2014 appeal. Thus, the October 7, 2014 appeal was not a cognizable appeal under the express terms of the Plan because it was filed by someone other than the claimant or an authorized representative. Anthem's November 21, 2014 letter to IHC confirmed as much when Anthem explained, "Please be advised per the member's plan regarding your appeal for [dates of service] 3/28/2014–4/8/2014: they need a member authorization on file in order to consider the appeal."[53]

In response, Plaintiff argues only that an authorization form was provided to Anthem on March 18, 2015, in which Plaintiff authorized IHC to act as her representative.[54] But Plaintiff does not explain how this ex-post authorization in March 2015 affected the October 7, 2014

---

[49] Dkt. 61-4 at 27.

[50] Dkt. 61-4 at 23.

[51] Dkt. 77 at 11–12.

[52] Dkt. 62 at 19.

[53] Dkt. 61-27 at 130.

[54] Dkt. 77 at 24. The parties dispute when Anthem actually received such a form. Plaintiff argues it sent Anthem a form authorizing IHC as her personal representative on March 18, 2015. Dkt. 77 at 24. Defendant seems to argue no such authorization took place until May 1, 2015. Dkt. 62 at 13. But this dispute need not be resolved because, in any event, the administrative record contains no evidence suggesting Plaintiff designated IHC as her authorized representative prior to the October 7, 2014 appeal. Nor does the administrative record contain any evidence suggesting IHC submitted an authorized appeal until at least March 2015.

appeal. Nor does Plaintiff address the fact that the March 2015 authorization occurred well outside the 180-day appeal window provided for by the Plan.[55]

As a result, the court must conclude the October 7, 2014 appeal did not constitute a timely appeal under the terms of the Plan. At the time it submitted the appeal, IHC was not an authorized representative and therefore had no right or ability under the terms of the Plan to appeal any adverse benefit determinations. Although IHC later obtained authorization to act as Plaintiff's authorized representative, Plaintiff has not demonstrated how or why that authorization had the effect of converting the October 7, 2014 appeal from an unauthorized, non-cognizable appeal to a timely, authorized appeal under the Employee Benefits Plan. Because Plaintiff failed to timely appeal the adverse benefits determination, she has failed to exhaust her administrative remedies under the Employee Benefits Plan.

B. Plaintiff's Failure to Exhaust Is Not Excused

Having concluded Plaintiff failed to exhaust her remedies under the Plan, the court must now consider whether Plaintiff's failure to exhaust should be excused.

"Generally, a failure to exhaust will be excused in two limited circumstances—when resort to administrative remedies would be futile or when the remedy provided is inadequate."[56] Additionally, ERISA's implementing regulations contain a third exception known as the "deemed exhaustion" exception, which deems claimants to have exhausted their administrative remedies "if a plan has failed to establish or follow claims procedures consistent with the

---

[55] Indeed, Plaintiff had more than a month remaining on the 180-day clock when she received the November 21, 2014 letter explaining IHC's appeal could only be considered if Plaintiff designated IHC as her authorized representative. Had IHC obtained Plaintiff's authorization after receiving the November 21, 2014 letter and then filed an appeal before December 25, 2014, such appeal would have been timely.

[56] *Holmes v. Colo. Coalition for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1204 (10th Cir. 2014).

requirements of ERISA."[57] Here, Plaintiff argues any failure to exhaust should be excused because: (1) any attempt to exhaust her administrative remedies would have been futile and (2) the deemed exhaustion exception should apply because Anthem did not comply with certain ERISA regulations.[58]

Plaintiff argues any attempt to exhaust her administrative remedies would have been futile "because Defendants failed to comply with the Plan's administrative procedures."[59] Specifically, Plaintiff points to a notice of denial Anthem sent that failed to satisfy certain Plan criteria such as "specific references to pertinent Plan provisions on which the denial is based."[60] In support of this argument, Plaintiff cites to a case from the District of New Mexico, which cited a Third Circuit case for the proposition that a plan's compliance with its own administrative procedures is a factor courts must consider in determining whether attempted exhaustion would be futile.[61]

As an initial matter, noncompliance is only one of five non-exclusive factors considered under the Third Circuit's test and does not alone appear to be dispositive.[62] More importantly, courts in this circuit—including this court—employ a different test for determining futility.

---

[57] *Id.* (citing 29 C.F.R. § 2560.503-1(l).

[58] Dkt. 77 at 26–29.

[59] Dkt. 77 at 26.

[60] Dkt. 77 at 27.

[61] Dkt. 77 at 27 (citing *Coonen v. Sandia Corp.*, No. CIV-04-1035, 2005 U.S. Dist. LEXIS 36732 (D.N.M. Aug. 30, 2005)).

[62] *See Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir. 2002).

To demonstrate futility, a claimant "must show her claim would be denied on appeal, and not just that she thinks it is unlikely an appeal will result in a different decision."[63] Here, Plaintiff has not produced evidence to show her claim would have been denied had she filed a timely appeal. Indeed, her attempts to cure the defect of the October 7, 2014 appeal suggest that Plaintiff did not view the appeal process as futile. Accordingly, the court will not excuse Plaintiff's failure to exhaust on futility grounds.

Plaintiff next argues the court should excuse her failure to exhaust because the notice of denial Anthem issued does not comply with certain notice requirements under 29 C.F.R. § 2560.503–1, such as the requirement that a notification include a "[r]eference to the specific plan provisions on which the determination is based."[64] Plaintiff argues this noncompliance excuses her failure to exhaust under the deemed exhaustion exception. Defendants respond that Anthem's notice "substantially compl[ied]" with ERISA's notice requirements and therefore should not form the basis for deemed exhaustion.[65]

As the Tenth Circuit has explained, "[c]ourts have ... been willing to overlook [an] administrator['s] failure to meet certain procedural requirements when the administrator has substantially complied with the regulations and the process as a whole fulfills the broader purposes of ERISA and its accompanying regulations."[66] As a result, deviations from ERISA's

---

[63] *Getting v. Fortis Benefits Ins. Co.*, 5 F. App'x 833, 836 (10th Cir. 2001) (unpublished); *see also Rando v. Standard Ins. Co.*, 182 F.3d 933 (Table) (10th Cir. 1999) (unpublished) ("We agree with the Seventh Circuit's approach to evaluating a claim of futility and hold that in order to satisfy the futility exception to the exhaustion requirement, plaintiff must establish that 'it is certain that [his] claim will be denied on appeal, not merely that [he] doubts that an appeal will result in a different decision.'" (citation omitted)); *Baker v. Comprehensive Emp. Solutions*, 227 F.R.D. 354, 356–57 (D. Utah 2005) (applying *Getting* futility test).

[64] Dkt. 77 at 28–29; 29 C.F.R. § 2560.503–1(g)(1)(ii).

[65] Dkt. 80 at 9.

[66] *Holmes*, 762 F.3d at 1211 (citation omitted) (internal quotation marks omitted).

notice requirements are excused "so long as the claimant has not been prejudiced thereby."[67] To show prejudice, the claimant must demonstrate "the notice and disclosure deficiencies actually denied the participant a reasonable review procedure."[68] If the claimant cannot demonstrate they were actually denied a reasonable review procedure as a result of the deficient notice, then the deemed exhaustion exception does not apply.[69]

Here, Plaintiff has not demonstrated that any deficiencies in the notice sent by Anthem denied her a reasonable review procedure. Even if the notice explaining what Anthem would and would not cover was deficient in certain ways, there is no evidence suggesting that those deficiencies prevented Plaintiff from seeking review through an appeal. Indeed, Plaintiff tried to appeal the denial of benefits, but her appeal was denied on timeliness grounds. Simply put, Plaintiff has not shown she suffered any prejudice—as defined in the context of the deemed exhaustion exception—from Anthem's noncompliance with ERISA's notice requirements.

In sum, the court concludes Plaintiff failed to exhaust her administrative remedies by failing to file a timely appeal. The court further concludes Plaintiff's failure to exhaust is not excused on futility grounds or under the deemed exhaustion exception. Accordingly, Plaintiff's denial of benefits claim is barred, and summary judgment is granted in Defendants' favor.

## II. BREACH OF FIDUCIARY DUTY

Defendants also move for summary judgment on Plaintiff's breach of fiduciary duty claim. In its Opposition, Plaintiff states: "Plaintiff concedes its claim for breach of fiduciary

---

[67] *Id.*

[68] *Id.* at 1213.

[69] *See id.* at 1214 ("Because Union Security's failure to include the details regarding the two-level internal review process in the SPD did not prejudice Ms. Holmes by denying her a fair and reasonable opportunity to pursue her claim through the plan's internal review process, the district court correctly rejected her argument that she should be deemed to have exhausted her administrative remedies based on deficiencies in the SPD.").

duty, Count II of the Complaint, and withdraws this claim."[70] Accordingly, the court grants summary judgment in Defendants' favor on this claim.

### III. ATTORNEY FEES

Finally, Defendants seek an award of attorney fees and costs under 29 U.S.C. § 1132(g)(1).[71] Section 1132(g)(1) provides that "the court may in its discretion allow a reasonable attorney's fees and costs."[72] The Tenth Circuit has established five factors a court may consider in deciding whether to exercise its discretion to award attorney fees in an ERISA action:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.[73]

"No single factor is dispositive and a court need not consider every factor in every case."[74]

Having considered these factors, the court declines to exercise its discretion to award fees to Defendants here. There is no evidence that Plaintiff's claims were brought in bad faith or that Plaintiff has otherwise acted culpably. Indeed, the parties' positions both possessed merit. The court further finds that none of the remaining factors weigh in favor of awarding fees and costs to Defendants here. Accordingly, Defendants' request for reasonable attorney fees and costs is DENIED.

---

[70] Dkt. 77 at 2.

[71] Dkt. 62 at 27.

[72] 29 U.S.C. § 1132(g)(1).

[73] *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013).

[74] *Id.*

## CONCLUSION

For the reasons stated above,

1. Plaintiff's Motion for Summary Judgment[75] is DENIED;

2. Defendants' Motion for Summary Judgment[76] is GRANTED IN PART and DENIED IN PART as follows:

    a. Defendants' Motion is GRANTED as to Plaintiff's recovery of benefits claim and breach of fiduciary duty claim; and

    b. Defendants' Motion is DENIED as to its request for attorney fees and costs.

**SO ORDERED** this 22nd day of June, 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[75] Dkt. 63.

[76] Dkt. 62.